**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50198 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02633-LAB-1 |
| v. | |
| TOMAS PERAZA, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Tomas Peraza, Jr., appeals from the district court's judgment and challenges

the 12-month sentence imposed upon revocation of supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Peraza contends that the district court procedurally erred by failing to

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

consider the statutory sentencing factors and his arguments regarding his mental health, and by failing to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered the 18 U.S.C. § 3583(e) sentencing factors and Peraza's arguments for a lower sentence, and thoroughly explained its determination that the within-Guidelines sentence was warranted in light of Peraza's significant breach of the court's trust. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *see also United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (primary purpose of revocation sentence is to sanction the defendant's breach of the court's trust). Moreover, contrary to Peraza's contention, the sentence is substantively reasonable in light of the § 3583(e) factors and the totality of the circumstances, including Peraza's criminal history. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**